LINDA M. TIRELLI, ESQ.
GARVEY, TIRELLI & CUSHNER, LTD
50 MAIN STREET, SUITE 390
WHTE PLAINS NY 10606
(914)946-0860
LindaTirelli@TheGTCFirm.com

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

---------------------------------------------------------------------X

IN RE:

**LISSETTE IGLESIAS,**  　　　　　　　　　　　　CHAPTER 13
　　　　　　　　　　　　　　　　　　　　　　　　CASE NO: 13-11947(ALG)

　　　　　　Debtor.

---------------------------------------------------------------------X

**S I R S :**

　　　**PLEASE TAKE NOTICE** that upon the annexed affirmation of Linda M. Tirelli, attorney for the Debtor herein, a motion pursuant to Bankruptcy Code Sections 11 U.S.C. § 506 will be made as follows:

| | |
|---|---|
| Judge: | Honorable Allan L. Gropper |
| Return Date and Time: | July 10, 2014 at 10AM |
| Courthouse: | United States Bankruptcy Court<br>One Bowling Green, New York, New York, Courtroom 617 |
| Relief Requested: | Motion to determine secured status of Wells Fargo Mortgage Lien |

　　　**PLEASE TAKE FURTHER NOTICE** that answering affidavits, if any, must be served on the undersigned, filed with the Court and a copy brought to Chambers no later than three (3) days prior to the return date.

Dated:　White Plains, New York
　　　　May 29, 2014

　　　　　　　　　　　　　　　　　　　Garvey, Tirelli & Cushner, Ltd.

　　　　　　　　　　　　　　　　　　　By:　　/s/ Linda M. Tirelli
　　　　　　　　　　　　　　　　　　　　　　Linda M. Tirelli, Esq.
　　　　　　　　　　　　　　　　　　　　　　*Attorney for Debtor*
　　　　　　　　　　　　　　　　　　　　　　50 Main Street, Suite 390
　　　　　　　　　　　　　　　　　　　　　　White Plains, New York 10606

LINDA M. TIRELLI, ESQ.
GARVEY, TIRELLI & CUSHNER, LTD
50 MAIN STREET, SUITE 390
WHTE PLAINS NY 10606
(914)946-0860
LindaTirelli@TheGTCFirm.com

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

------------------------------------------------------------------X

**IN RE:**

**LISSETTE IGLESIAS**                                         CHAPTER 13
                                                              CASE NO: 13-11947(ALG)
         **Debtor.**
-----------------------------------------------------------------X
**LISSETTE IGLESIAS**
             **MOVANT**

**V.**

**WELLS FARGO BANK, NA**

             **RESPONDENT**

---------------------------------------------------------------------------X

**MOTION TO DETERMINE SECURED STATUS
PURSUANT TO 11 U.S.C. § 506**

NOW COMES Lisette Iglesias, Debtor in the above-captioned bankruptcy, by his undersigned counsel, and files this Motion to determine secured status pursuant to 11 U.S.C. § 506, and states as follows:

1. The Debtor filed a petition for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code on June 13, 2013.

2. Respondent Bank is a lending institution having mailing addresses of:

**Background**

3. The Debtor owns an improved parcel of residential real estate located at 3255A Barkley Ave., Bronx, NY 10465, the deed being recorded in the Office of the City Register of Deeds New York City on June 10, 2005 and was assigned City Register Dile Number (CRFN) 2005000338217 and such property is further identified as Block No. 5464 and Lot No. 30 (the Real Property"). A copy of Debtor's Deed is attached hereto as **Exhibit "A".**

4.  The Debtor is indebted to certain creditors holding mortgage liens against the real property as follows:

   A. First Lien: Nationstar Mortgage $200,000.00;
   B. Second Lien: Wells Fargo Bank, NA $22,302.67

5.      Upon information and belief, the mortgage lien via Consolidation Extension and Modification Agreement (CEMA) having a recording date of ___November 16, 2006_____ ("Mortgage A") was given in connection with a note dated __October 10, 2006_____, having an original principal balance in the amount of $200,000.00.  Nationstar Mortgage, the perceived mortgage servicer for Mortgage A, has failed to file a claim.  The debtor maintains that she is current with her payments on Mortgage "A".  A copy of the recorded Mortgage "A" is attached hereto as **Exhibit "B"**.

6.      Upon information and belief, the mortgage lien having a recording dated of __May 23, 2007__ ("Mortgage B") was given in connection with the note/ credit line agreement dated _May 1, 2007_, having an original principal balance in the amount of $25,000.00. A copy of the recorded Mortgage "B" is attached hereto as **Exhibit "C"**.

7.      Pursuant to a fair market appraisal conducted by a licensed paid appraiser for the Debtor in anticipation of filing bankruptcy, the fair market value of the Real Property is only $155,000.  A true and correct copy of the appraisal is attached hereto as **Exhibit "D".**

### Determination of Secured Status

8.      Bankruptcy Code § 506(a) provides that:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest…is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property…and is an unsecured claim to the extent that the value of such creditor's interest…is less than the amount of such allowed claim.

11 U.S.C. § 506(a).

9.      Consistent with Bankruptcy Code § 506(a) and the decision of the Third Circuit Court of Appeals in the case of *In re McDonald*, 205 F.3d 606 (3rd Cir. 2000), because Mortgage B is wholly unsecured relative to the Real Property, Bank is not in any respect a holder of a claim secured by the Debtor's property and, as such, holds only an unsecured claim as to its mortgage claims. <u>See</u> *McDonald* at p. 612.

        WHEREFORE, the Debtor respectfully requests that this Honorable Court enter an Order (i) granting this motion in the Debtor's favor; (ii) finding that Mortgage B is wholly unsecured; (iii) directing the referenced lien stripped from the Real Property in accordance with the findings herein.

Date:   May 29, 2014                                        Respectfully Submitted,

                                                            /s/ Linda M. Tirelli
                                                            Debtor's Attorney