IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

-------------------------------------------------------------------X
IN RE:

LISSETTE IGLESIAS                                         CHAPTER 13
                                                          CASE NO: 13-11947(ALG)
         Debtor.
-------------------------------------------------------------------X
LISSETTE IGLESIAS
              MOVANT
V.
WELLS FARGO BANK, NA
              RESPONDENT
-------------------------------------------------------------------X

## ORDER VOIDING MORTGAGE LIEN OF
## WELLS FARGO BANK, N.A. PURSUANT TO 11 U.S.C. § 506

Upon the motion dated May 26, 2014 (the "Motion") of the above debtor(s) (the "Debtor(s)"), for an order determining that the junior mortgage lien held by Wells Fargo Bank, N.A. (with any subsequent successor or assign, "Creditor") on the Debtor(s)'s property located at 3255A Barkley Ave., Bronx, NY 10465 [Block No. 5464 and Lot No. 30] (the "Property") is void as being wholly unsecured under 11 U.S.C. §§ 506(a), reclassifying the secured claim of the Creditor in this case based on such lien as an unsecured claim; and it appearing that due and sufficient notice of the Motion and the hearing thereon was provided; and there being no opposition to the requested relief; and upon the record of the July 10, 2014 hearing on the Motion; and, after due deliberation, it appearing that the amount of the senior debt secured by the Property exceeds the value of the Property and that there is no collateral value in the Property to secure the Debtor(s)'s obligations to the Creditor under the Creditor's junior mortgage on the Property; and good and sufficient cause appearing, it is hereby ORDERED that

1

1. The Motion is granted.

2. Any claim filed by Creditor against the Debtor(s) and the Debtor(s)'s estate in this case based on its junior lien on the Property shall be treated as wholly unsecured.

3. The wholly unsecured lien of the Creditor's junior mortgage on the Property is declared void pursuant to 11 U.S.C. § 506, subject to the Creditor's rights under 11 U.S.C. § 363(k) and its right to such lien's reinstatement upon any dismissal or conversion of the Debtor(s)'s chapter 13 case prior to the performance of the Debtor(s)'s chapter 13 plan voiding such mortgage under 11 U.S.C. § 506.

4. The Clerk of the County of Bronx, New York shall mark on its records that the Creditor's junior mortgage on the Property [Recorded 05-01-2007 at 2007051402096001] is void pursuant to Bankruptcy Court Order, subject to the lien's reinstatement upon any dismissal or conversion of the Debtor(s)'s chapter 13 case prior to the performance of the Debtor(s)'s chapter 13 plan voiding such mortgage under 11 U.S.C. § 506; *provided*, that the Debtor(s) may in the alternative record a copy of this Order with the Clerk of the County of Bronx, New York to provide such notice.

5. Notwithstanding any other provision of this Order, this Order shall remain effective if the above-captioned case is converted to a case under chapter 11.

Dated: July 21, 2014
   New York, NY          __/s/ Allan L. Gropper_____
                            UNITED STATES BANKRUPTCY JUDGE